IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E. MISHAN & SONS, INC.,         )

                         )      C. A. No.: 25-680-RGA

     Plaintiff,        )

                         )      **JURY TRIAL DEMANDED**

        v.         )

                         )

BALDR INTERNATIONAL LLC,   )

                         )

     Defendant.      )

### ~~JOINT [PROPOSED]~~ SCHEDULING ORDER[1]

This ___18th___ day of ___DEC.___, 2025, the Court having **determined that ~~conducted~~** an

initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) **is unnecessary**, and the

parties having determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures</u>.   Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

within five days of the date of this Order.

2.     <u>Joinder of Other Parties and Amendment of Pleadings</u>.   All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **January 6, 2026**.

3.     <u>Discovery</u>.

     (a)     <u>Discovery Cut Off</u>.   All discovery in this case shall be initiated so that it

will be completed on or before **September 23, 2026**.

---

[1] One provision (paragraph 3(c)(ii), p.2 – Location of Depositions) is disputed. A Table of Case Deadlines is attached.

1

(b)    Document Production.    Document production shall be substantially complete by **August 28, 2026**.

(c)    Requests for Admission.    A maximum of **50** requests for admission are permitted for each side**, excluding requests for admission directed to authenticity**.

(d)    Interrogatories.    A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

(e)    Depositions.

(i)    Limitation on Hours for Deposition Discovery.    Each side is limited to a total of **50** hours of taking testimony by deposition upon oral examination.

(ii)    Location of Depositions.    Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. ~~*BY BALDR*~~*: A defendant who filed a counterclaim is not considered as having filed an action in this Court for the purpose of this provision.*] ~~BY EMSON: Emson objects to Baldr's proposed language as incorrect and inconsistent with the Court's Form Scheduling Order and practice.~~]

(f)    Discovery Matters and Disputes Relating to Protective Orders.    Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.    Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file

with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.    By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition.    A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order.    Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

(g)    Miscellaneous Discovery Matters.

(i)    The parties may, if they choose, agree to a timetable for initial patent disclosures either as set forth in the Delaware Default Standard for Discovery or as agreed to by the parties, and the parties should set forth any such agreement in the scheduling order.    **BY EMSON AND BALDR: The parties agree to the timetable for patent disclosures set forth in the Delaware Default Standard for Discovery.**

(ii)    The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff[2] should advise whether it expects to institute any further litigation in this or other Districts within the next year.    Defendant should advise whether it expects to file one or more IPRs and, if

---

[2] Plaintiff and Defendant refer to the party or parties asserting infringement and the party or parties accused of infringement.  The parties should modify the language as necessary, for example, in a declaratory judgment action.

so, when. ~~BY EMSON AND BALDR:~~ **U.S. Patent No. 11,732,826 is involved in pending litigation in the Southern District of New York, Case No. 1:25-cv-03865-MKV. There are no IPRs involving any of the asserted patents. Emson does not expect, at this time, to institute further litigation in this or any other District. Baldr does not expect, at this time, to file any IPRs involving any of the asserted patents.**

(iii)   The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations.   The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction. ~~BY EMSON and BALDR:~~ **No later than July 29, 2026, the parties will meet and confer to determine whether, when, and how to reduce asserted claims and asserted prior art used for anticipation and obviousness combinations.**

(iv)   If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference.   Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement.   All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

4.   <u>Application to Court for Protective Order</u>.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within ten days from the date of this Order.    Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the

provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.  When filing papers under seal, a redacted version of any

sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.    Claim Construction Issue Identification. On or before **March 31, 2026,** the parties

shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their

proposed claim construction of those term(s)/phrase(s)[3].  This document will not be filed with the

Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim

Construction Chart to be filed no later than **April 29, 2026**.  The Joint Claim Construction Chart,

in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The

Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s)

in issue, and should include each party's proposed construction of the disputed claim language

with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.

The Joint Claim Construction Chart should include an explanation of why resolution of the dispute

---

[3] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7.    Claim Construction Briefing[4]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **May 27, 2026**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **June 24, 2026**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **July 8, 2026**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **July 22, 2026**. No later than **August 19, 2026**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.    Representative Claims

II.    Agreed-upon Constructions

III.    Disputed Constructions

A.    [TERM 1][5]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position

---

[4] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[5] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

      4.      Defendant's Sur-Reply Position

B.     [TERM 2]
      1.      Plaintiff's Opening Position
      2.      Defendant's Answering Position
      3.      Plaintiff's Reply Position
      4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

8.      <u>Hearing on Claim Construction</u>. Beginning at 9:30 a.m. on **September 2, 2026**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than **June 24, 2026,** the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

9.      <u>Disclosure of Expert Testimony</u>.

(a)     <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **October 7, 2026**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 4, 2026**. Reply expert reports from the party with the initial burden of proof are due on or before **November 18, 2026**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or

exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **December 9, 2026**.

(b)     Objections to Expert Testimony.    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein **(December 16, 2026)**, unless otherwise ordered by the Court.

10.     Case Dispositive Motions.   All case dispositive motions shall be served and filed on or before **December 16, 2026**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

11.     Applications by Motion.   Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.     Pretrial Conference. On **May 12, 2027**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on **May**

**6, 2027,** the fourth business day before the date of the final pretrial conference.   Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.    Motions *in Limine*. Motions *in limine* shall be separately filed **on or before May 6, 2027,** with each motion containing all the argument described below in one filing for each motion.   Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.   Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.   The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).   No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14.    Jury Instructions, Voir Dire, and Special Verdict Forms.   Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day **(May 6, 2027)** before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

15.     Trial.  This matter is scheduled for a five (5) day[6] jury trial beginning at 9:30 a.m. on **June 21, 2027**, with the subsequent trial days beginning at 9:30 a.m.   Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.   The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16.     Discovery Referral.  This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.   (This referral is optional, and should be deleted unless all parties agree to it.)

17.     Mediation (for use in non-ANDA patent cases).     The Parties are required to engage in good faith in an in-person mediation.   They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference.  The Parties are required to submit a joint statement no later than one week before the pretrial conference.  The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith.  If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise.  The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

_Richard G. Andrews_
The Honorable Richard G. Andrews
United States District Judge

---

[6] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.